# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49781

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 5, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MICHAEL TERRY WOODBY, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Order denying motion to modify terms of probation, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Michael Terry Woodby appeals from the district court's denial of his motion to modify the terms of probation. Woodby argues that the district court abused its discretion by applying the wrong standard, specifically Idaho Criminal Rule 35, in ruling on Woodby's motion. We reverse and remand.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Woodby pled guilty to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c), and the district court imposed a sentence of five years with two years determinate. The district court suspended the sentence and placed Woodby on probation for a period of five years, until April 2022.

1

In February 2021, Woodby admitted to violating the terms of probation. During the disposition hearing, the district court orally revoked and reinstated probation for another five years. Defense counsel objected, arguing that based on the maximum potential sentence authorized by statute, probation could only run until April 2024. In response, the district court stated the term of probation would run for the remainder of time available under law and it would identify the specific length of that term in the ensuing order. The ensuing order stated: "This term of probation shall expire at 11:59 p.m. on April 27, 2024, unless otherwise ordered by the Court." The order also stated that probation would be reinstated upon the same terms and conditions entered by the court on April 28, 2017. The original order included a term that probation would expire on April 27, 2022.

At a later hearing, Woodby claimed that there was ambiguity in the order reinstating probation as to when his probation expired--April 2022 or April 2024. The district court noted it was "a bit ambiguous" and encouraged Woodby to file a motion to put the issue before the court in the "right posture" so it could consider what to do. Woodby subsequently filed a motion to "modify/clarify," arguing that the date on which his probation would expire was ambiguous because the court did not orally pronounce a specific date that his probation would expire during the disposition hearing and because the order revoking and reinstating probation was unclear about whether probation would expire in April 2022 or in April 2024. Woodby argued the district court should resolve the ambiguity by "clarify[ing]." Woodby acknowledged that the requested clarification did not align with the district court's "stated intent at the time of disposition," but contended it would be "fair" to "allow[ ]" probation to expire in 2022 instead of 2024 because Woodby had been in custody since the disposition hearing and would remain in custody until June 2022. The district court denied Woodby's motion. The district court stated it was considering Woodby's request to "modify/clarify" his probation as a plea for leniency under I.C.R. 35. The district court found that because Woodby had been and would continue to be incarcerated during the majority of his probation, certain terms of probation such as completing treatment programs, paying court costs, and completing community service would remain unsatisfied and the factors governing sentencing would not be fulfilled if the term of probation was modified. Woodby timely appeals.

2

## II.

## STANDARD OF REVIEW

The trial court's decision to extend or otherwise modify the length of probation is reviewed for an abuse of discretion. *State v. Gibbs*, 162 Idaho 782, 785, 405 P.3d 567, 570 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Woodby argues that the district court abused its discretion because it acted inconsistently with the applicable legal standards by analyzing Woodby's motion to modify or clarify the terms of probation as a plea for leniency under I.C.R. 35. Woodby asserts that the plain language of I.C.R. 35 only governs correcting or reducing a sentence, not modifying probation, and, as such, cannot apply to motions to modify the terms of probation, particularly where a more specific statute already exists. Woodby also argues that I.C.R. 35 is a higher standard, requiring a showing of an excessive sentence through new or additional information, than the good cause standard required to modify the terms of probation. Woodby asserts that the district court should have reviewed Woodby's motion under I.C. §§ 20-221 and 20-222. The State concedes that I.C.R. 35 is not the applicable legal standard. However, the State argues that the district court properly denied Woodby's motion to modify or clarify the length of his probation because he had not successfully completed all the necessary terms and conditions of probation.

In response, Woodby argues that it is not for this Court to usurp the function of the district court by recognizing that the district court expressly cited the wrong legal standard, but then, in the first instance, effectively applying the correct law to affirm the district court. According to Woodby, "upon determination that a trial court has abused its discretion, 'the appellate remedy ordinarily is not to usurp the judge's authority by exercising such discretion ourselves.' Rather, the appropriate remedy 'is to remand the case for reconsideration in light of the correct legal standard.'" *H2O Environmental, Inc., v. Farm Supply Distributors, Inc.*, 164 Idaho 295, 300, 429 P.3d 183, 188 (2018) (quoting *Evans v. Sawtooth Partners*, 111 Idaho 381, 387, 723 P.2d 925, 931

(Ct. App. 1986)). In addition, Woodby argues "if a decision, taken as a whole, appears to reflect a misapprehension of law, the proper appellate response is to vacate the decision and to remand the case for reconsideration in light of the proper legal framework." *Urry v. Walker and Fox Masonry Contractors*, 115 Idaho 750, 755, 769 P.2d 1122, 1127 (1989). Finally, "[w]hen the discretion exercised by a trial court is affected by an error of law, the role of the appellate court is to note the error made and remand the case for appropriate findings." *Montgomery v. Montgomery*, 147 Idaho 1, 6-7, 205 P.3d 650, 655-56 (2009).

We agree that remand is necessary when the trial court's decision, taken as a whole, appears to reflect a misapprehension of law and is affected by that error of law. According to I.C. §§ 20-221 and 20-222, trial courts may modify the terms or duration of probation based on good cause. *Gibbs*, 162 Idaho at 788, 405 P.3d at 573. Here, the district court cited to the I.C.R. 35 standard but did not cite to or reference the good cause standard in I.C. §§ 20-221 and 20-222. The failure to do so is unsurprising in light of the genesis and nature of the motion, which was seeking *clarification* of an ambiguity and not modification of an otherwise unambiguous term of probation. Nevertheless, because the motion acknowledged the district court's intent to extend probation until 2024 and asked the court to revert to the earlier expiration date (2022) as a matter of "fair[ness]," and the district court considered that request, the proper standard was good cause. While the district court recognized that the decision was discretionary, because the district court did not apply the correct legal standard in declining to modify the terms of Woodby's probation, remand is necessary for reconsideration under that standard.

## IV.
## CONCLUSION

The district court denied Woodby's motion to modify or clarify the terms of his probation based on application of an incorrect legal standard. Therefore, the district court's denial of Woodby's motion is reversed and this case is remanded for application of the correct standard.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

4